### J. H. PADDOCK CO. v. SANDROVITZ.

#### (Supreme Court, Appellate Term. April 8, 1911.)

1. SALES (§ 439*)—ACTION FOR PRICE—DEFENSES—BURDEN OF PROOF—SALE BY SAMPLE.

     A buyer must prove that the sale was by sample, and that the goods sold were not equal to the sample, in defending an action for the purchase price on that ground.

     [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1258–1260; Dec. Dig. § 439.*]

2. SALES (§ 441*)—ACTION FOR PRICE—SUFFICIENCY OF EVIDENCE—QUALITY OF GOODS.

     Evidence, in an action for the purchase price of corks, defended on the ground that they were not equal to the sample by which they were sold, *held* not to show that the corks sold were not equal to the sample.

     [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1277–1283; Dec. Dig. § 441.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the J. H. Paddock Company against Bernard Sandrovitz. From a judgment for defendant, plaintiff appeals. Reversed, and new trial granted.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Douglas & Minton, for appellant.
Leopold Freiman, for respondent.

LEHMAN, J. The plaintiff has brought an action for the purchase price of goods sold and delivered to the defendant. The defense is that the sale was by sample, and that the goods were not equal to the sample, and worthless for the purpose for which they were sold. The defendant did not return the corks after inspection,

and apparently did not notify the plaintiff of any alleged defect until plaintiff demanded payment.

[1] To establish his defense, defendant must first establish that the sale was by sample; and, secondly, that the goods furnished were not equal to sample. There is a conflict of evidence on the first point; [2] but, even if we concede that the trial justice could properly hold that the defendant prevailed on the issue, I do not think that we can hold that the defendant established his defense. The alleged sample was corks used in his own establishment and shown to plaintiff's salesman. He failed to produce the corks shown, nor does he describe the sample, and then show that the goods furnished were of a different description. He contents himself with the statement that the corks he used were of good quality, and with proof that, when he attempted to use the corks furnished by the plaintiff, the bottles broke. It does not appear that the sample was of a different size or quality from the corks furnished. It does not even appear that the sample corks were used on bottles of the same size or quality, or were handled in the same way.

Judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.